IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 15, 2017

**GREGORY NELSON v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Lauderdale County**
**No. 9132      Joe H. Walker, III, Judge**

_____

**No. W2016-02600-CCA-R3-PC**

_____

Petitioner, Gregory Nelson, appeals as of right from the denial of post-conviction relief following an evidentiary hearing. After a review of the briefs of the parties, the post-conviction court's order, and the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Jeremy T. Armstrong, Covington, Tennessee, for the appellant, Gregory Nelson.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; D. Michael Dunavant; District Attorney General; and Julie K. Pillow, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Background*

Following a jury trial, Petitioner and his wife were both convicted of aggravated child abuse and of first degree felony murder during the perpetration of aggravated child abuse. The victim was their two-and-one-half-month-old daughter. This court affirmed the convictions of Petitioner and his wife. *State v. Gregory Nelson and Tina Nelson*, No. W2014-00494-CCA-R3-CD, 2015 WL 2128598, at *1 (Tenn. Crim. App. May 5, 2015). The opinion set forth a detailed description of the evidence introduced at trial. In summary, direct evidence established the guilt of Petitioner and his wife beyond a reasonable doubt. *Id*. at 1-21. The forensic pathologist who performed the autopsy

testified that the victim's cause of death was a closed head injury from a "traumatic injury." *Id*. at 3. Also, there were healing fractures on six ribs on the left lateral side, five ribs on the right lateral side, and eight ribs on the left posterior side. *Id*. The forensic pathologist reported that the multiple rib fractures supported the conclusion that the brain injury of "acute intracranial hemorrhage" was the result of trauma. *Id*. at 4. Testimony, including that of Petitioner, established that only Petitioner or his wife could have caused the described injuries "because they were the only people who took care of the victim."

### *Issues Raised on Appeal*

Petitioner has presented three issues on appeal, all related to his contention that he is entitled to post-conviction relief based upon trial counsel rendering ineffective assistance of counsel. His arguments are that trial counsel: (1) failed to consult with Petitioner regarding the evidence and failed to allow Petitioner to participate in his own defense; (2) failed to present expert testimony to rebut the testimony of the forensic pathologist and also offer alternative causes for the victim's injuries and to present other, unnamed, experts to "mitigate Petitioner's role" in the victim's death; and (3) failed to subpoena exculpatory records.

### *Post-Conviction Hearing*

As to the first issue, Petitioner testified on direct examination by his post-conviction counsel that trial counsel met with Petitioner only "one time for about five minutes before we done [sic] the trial." Petitioner testified that trial counsel also never communicated with him by letters or phone calls. Petitioner testified that one witness who could challenge the State's proof was not called as a witness by trial counsel. However, Petitioner candidly admitted that if the witness had testified, he would not have provided exculpatory information, even under oath, because the witness would "still lie, he's a kid."

On cross-examination, Petitioner denied that he had ever been offered negotiated plea settlements. He also admitted that he did not know of any additional witnesses who could have testified and changed the outcome of the trial.

The State called trial counsel as a witness at the post-conviction hearing. He testified that he had been employed as an Assistant District Public Defender for almost twenty-five years. He met with Petitioner six to eight times for usually lengthy meetings before trial. Trial counsel said that it seemed that there were at least three plea offers, including one to be sentenced to either six or eight years. Trial counsel cautioned

Petitioner that if he went to trial he could receive a sentence of life imprisonment, the sentence Petitioner ultimately received. Petitioner adamantly refused to accept any negotiated plea offer.

Trial counsel testified that Petitioner and his wife did not have inconsistent theories of defense, so trial counsel could work with counsel for Petitioner's wife. Despite investigation and efforts to find favorable expert witness proof to rebut the testimony of the State's forensic proof, they were unsuccessful. Trial counsel stated that he went over all of the discovery with Petitioner and fully investigated the case.

On cross-examination, trial counsel described the efforts he took investigating the "jailhouse snitch" who testified at trial about admissions made by Petitioner while talking to a lawyer (according to the "jailhouse snitch") at the jail. Trial counsel also described the failed efforts to obtain an expert witness to rebut the State's evidence.

Because of our disposition of Petitioner's second and third issues, there is no need to summarize the testimony presented by the only two witnesses at the evidentiary hearing, Petitioner and trial counsel, pertaining to the second and third issues.

Following the testimony of Petitioner and trial counsel, the hearing concluded and the post-conviction court took the matter under advisement.

Subsequently, the post-conviction court filed an order denying relief. In this order the post-conviction court summarized the testimony of Petitioner and trial counsel. The post-conviction court then stated, "The court accredits the testimony of [trial counsel] that he met multiple times with [Petitioner], extended the plea offers which were rejected, investigated the case, and was prepared for trial." The post-conviction court further concluded that Petitioner failed to establish the factual allegations of ineffective assistance of counsel by clear and convincing evidence. Accordingly, the petition was denied.

### *Analysis*

Initially, we must address the State's argument that this appeal should be summarily dismissed because Petitioner failed to timely file his notice of appeal. A notice of appeal must be filed within thirty days of when judgment has been entered in the trial court. Tenn. R. App. P. 4(a). The post-conviction court's judgment denying relief was entered October 18, 2016. Therefore, in order to be timely, the notice of appeal had to be filed by November 17, 2016. However, the notice of appeal was not filed until December 21, 2016, more than a month late. Petitioner filed, also on December 21, 2016, a motion with the *trial court* for permission to late file the notice of

appeal. The first problem for Petitioner is that even a cursory review of the applicable rules of procedure by Petitioner's counsel would have revealed that the motion was required to be filed in the *appellate* court. Tenn. R. App. P. 4(a) ("The appropriate appellate court shall be the court that determines whether such waiver [of the timely filing of a notice of appeal] is in the interest of justice.").

The second problem for Petitioner is that the State noted that the notice of appeal was not timely filed in the second paragraph of the argument section in its brief. The State also mentioned the problem in its statement of the case on page two of the brief. However, Petitioner's attorney in this appeal still did not file a motion in this court for waiver of the timely filing of the notice of appeal, nor file a reply brief addressing the problem. This scenario suggests three possible situations, none of which reflects well upon Petitioner's attorney: (1) Petitioner's attorney read the State's brief but failed to comprehend the problem, or (2) Petitioner's attorney read the State's brief, comprehended the problem, but intentionally or negligently ignored the problem, or (3) Petitioner's attorney never read the State's brief.

Even though, in criminal cases, the notice of appeal is not jurisdictional and may be waived in the interest of justice, Tenn. R. App. P. 4(a), it probably should not be waived in circumstances such as this. Similar conduct, primarily due to failure to follow simple procedural rules, seems to be on the increase statewide. The bar should be put on notice that the days of routine waiver of timely filing a notice of appeal, *especially* in situations where the appellee raises the issue but the issue is ignored by the appellant, may be coming to an end.

It is an extremely close decision for this court on the issue of dismissing Petitioner's appeal. However, in the interest of justice we will not dismiss the appeal.

In any event, Petitioner is not entitled to relief. In order for a petitioner to succeed on a post-conviction claim, the petitioner must prove the allegations of fact set forth in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); *Fields v. State*, 40 S.W.3d 450, 457-58 (Tenn. 2001). On appeal, this court will affirm the post-conviction court's factual findings unless the evidence preponderates against those findings. *Id*. Questions concerning the credibility of witnesses and the weight to be given their testimony are for resolution by the post-conviction court. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). Review of the post-conviction court's legal conclusions and application of law to facts is *de novo* without a presumption of correctness. *Plyant v. State*, 263 S.W.3d 854, 867-68 (Tenn. 2008).

To establish the ineffective assistance of counsel, the petitioner bears the burden of proving that: (1) counsel's performance was deficient and (2) the deficient

performance prejudiced the defense rendering the outcome unreliable or fundamentally unfair. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Arnold v. State*, 143 S.W.3d 784-787 (Tenn. 2004). Deficient performance is shown if counsel's conduct fell below an objective standard of reasonableness under prevailing professional standards. *Strickland*, 466 U.S. at 688; *see also Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975) (establishing that representation should be within the range of competence demanded of attorneys in criminal cases).

Both deficient performance and prejudice must be established to prove ineffective assistance of counsel. *Strickland*, 466 U.S. at 697; *see also Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). If either element of ineffective assistance of counsel has not been established, a court need not address the other element. *Strickland*, 466 U.S. at 697.

Additionally, the burden an appellant must meet upon alleging that counsel failed to discover, interview or present witnesses in support of his or her defense is the presentation of these witnesses "at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). In *Black*, this court stated that a defendant petitioning for post-conviction relief based on his trial counsel's failure to call a known witness is "not entitled" to such relief "unless he can produce a material witness who (a) could have been found by a reasonable investigation and (b) would have testified favorably in support of his defense if called." *Id.* at 758. This court is not allowed to "speculate or guess on the question of whether further investigation would have revealed a material witness or what a material witness's testimony might have been if introduced by defense counsel." *Black*, 794 S.W.2d at 757.

*Issue I – Trial counsel failed to consult with Petitioner regarding the evidence and failed to allow Petitioner to participate in his own defense*

In this case trial counsel testified as to all he had done to properly represent Petitioner. Basically, Petitioner's testimony totally contradicted trial counsel's testimony on this issue. The post-conviction court specifically accredited trial counsel's testimony. There is absolutely nothing in the appellate record to even hint that the evidence preponderates against the post-conviction court's credibility determination, which resulted in the factual finding that trial counsel met multiple times with Petitioner, investigated the case, and was prepared for trial. The evidence is clearly consistent with the post-conviction court's conclusion. Petitioner is not entitled to relief on this issue.

*Issues 2 and 3 – Trial counsel failed to present expert testimony and failed to subpoena exculpatory records*

We need not address whether trial counsel rendered deficient performance on these issues because Petitioner failed to present any evidence of prejudice even if trial counsel had rendered deficient performance. *See Strickland*, 466 U.S. at 697.

Petitioner did not present the testimony of an expert witness at the post-conviction hearing and did not submit any records at the post-conviction hearing which he claims trial counsel should have presented at trial. This court is not allowed to speculate as to the substance or relevance of allegedly critical proof not presented at trial. *See Black*, 794 S.W.2d at 757. Accordingly it has been well-established law for more than a quarter century that a petitioner must provide some proof at the post-conviction hearing of what the petitioner claims trial counsel failed to present: witnesses, documents and other tangible evidence, etc. in order to prove prejudice under *Strickland*. *See Black*, 794 S.W.2d at 757.

Petitioner is not entitled to relief on these issues.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE